IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAMON N. PESCEVICH, and
GEMMA V. PESCEVICH,

        Plaintiffs

v.                                      Civil Action No. 3:09-CV-25 and 29

JAMES B. HAWK,
and MELISSA KIDWELL,

        Defendants.

## REPORT AND RECOMMENDATION THAT PLAINTIFFS' MOTION TO PRINT A LEGAL NOTICE TO THE DEFENDANTS VIA LOCAL NEWSPAPER BE DENIED

The Plaintiffs filed a Complaint on April 6, 2009 alleging violations of their Civil Liberty rights and The Right to Organic Farming due to aggressive and abusive behaviors and improper training.[1] On May 11, 2009, Plaintiffs filed a Motion to print a Legal Notice to the Defendants via local newspaper.[2],[3] Plaintiffs are apparently unable to serve process upon Defendants because Plaintiffs live out of state and Defendants "reveals different physical addresses."

Federal Rule of Civil Procedure 4(e) provides:

> [A]n individual-other than a minor, an incompetent person, or a person whose waived has been filed-may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

---

[1] Doc. No. 1

[2] Doc. No. 8

[3] Plaintiffs filed a single motion asking that it be applied to this case, as well as their complaint under 3:09-CV-29. Because the facts and circumstances surrounding the motion in both cases are identical, the Court will only address the motion once.

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The Advisory Committee Notes tell us that the party seeking to make the service may generally proceed under state or federal law. The corresponding West Virginia state law reads as follows:

(1) Service by publication-If the plaintiff shall file with the court an affidavit:

    (A) That the defendant is a foreign corporation or business trust for which no officer, director, trustee, agent, or appointed or statutory agent or attorney in fact is found in the State upon whom service may be had; or

    (B) That the defendant is a nonresident of the State for whom no agent, or appointed statutory agent or attorney in fact is found in the State upon whom service may be had; or

    (C) That the plaintiff has used due diligence to ascertain the residence or whereabouts of the defendant, without effect; or

    (D) That process, delivered to the sheriff of the county in which the defendant resides or is, has twice been delivered to such officer and has bee returned without being executed; or

    (E) That there are or may be persons, other than those named in the complaint as plaintiff and defendant, interested in the subject matter of the action, whose names are unknown to the plaintiff and who are made defendants by the general description of unknown defendants; then clerk shall enter an order of publication against such named and unknown defendants. Every order of publication shall state the title of the action; the object thereof; the name and address of the plaintiff's attorney, if any; that a copy of the complaint may be obtained from the clerk; and that each named and unknown defendant must appear and defend on or before a date set forth in the order, which shall be not fewer than 30 days after the first publication thereof; otherwise, that judgment by default will be rendered against the defendants at any time thereafter. Every such order of publication shall be published once a week for two

successive weeks (or for such period as may be prescribed by statute, whichever period is longer) in a newspaper of general circulation in the county wherein such action is pending. Proof of service by publication is made by filing the publisher's certificate of publication with the court.

W.V. R. Civ. P. 4(e)

Plaintiffs have filed no such affidavit in this case. Accordingly, their motion should be **DENIED**.

IT IS SO ORDERED.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days of the date of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: May 19, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE